UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHN J. SCANLAN                                                                                    PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:07CV145

RADIANCE TECHNOLOGIES, INC.                                                              DEFENDANT

## ORDER

This cause comes before the court on the plaintiff's motion, pursuant to 28 U.S.C. § 1447, to remand this case to the Circuit Court of Lafayette County. The court, having reviewed the briefs and exhibits, concludes that the motion is not well taken and should be denied.

This case arises out of plaintiff's allegations that he was improperly terminated by defendant, an Alabama military contractor, for making public comments in regards to the war in Iraq. On July 5, 2007, plaintiff filed his original complaint, alleging solely state law claims, in the Circuit Court of Lafayette County. On August 27, 2007, plaintiff filed a motion to amend his complaint, and he attached a proposed amended complaint to his motion. On October 29, 2007, the circuit court entered an order granting the motion to amend, and plaintiff filed an amended complaint that same date, albeit with some modifications from the proposed amended complaint. Defendant did not receive this order until November 9, 2007. On November 16, 2007, defendant removed the case to this court on the basis of diversity jurisdiction.

On December 7, 2007, plaintiff filed a motion to remand, arguing that defendant's removal of this case was untimely under 28 U.S.C. § 1446(b). The parties agree that the timeliness of the removal here is governed by the second paragraph of § 1446(b), which requires that a case be

removed within thirty days of the "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Defendant asserts that the amended complaint which it received on November 9, 2007 put it on notice for the first time that the amount in controversy requirement was met in this case. Plaintiff maintains, however, that defendant was put on notice of this fact on August 27, 2007, when it was provided with a copy of the proposed amended complaint and motion to amend, and that the removal was thus untimely.

In arguing that it timely removed this case, defendant relies upon both legal and factual arguments. As to the former, defendant cites *Schoonover v. West Am. Ins. Co.*, 665 F. Supp. 511, 513 (S.D. Miss. 1987) in support of the proposition that removal must be accomplished within thirty days of the *granting* of a motion to amend, rather than from the initial filing of the motion. Plaintiff responds with his own Mississippi district court authority suggesting that the timeliness of removal should be determined by the date that a motion to amend is filed, rather than the date on which it is granted. *See Morrison v. National Benefit Life Insurance Co.*, 889 F. Supp. 945 (S.D. Miss. 1995). In the court's view, it is unnecessary to resolve this legal issue given that defendant has established that this case is factually distinguishable from *Morrison*, even assuming (as seems likely) that the submission of a proposed amended complaint might trigger the thirty-day removal period in an appropriate case.

Defendant notes that the actual amended complaint filed by plaintiff contained substantive changes from the proposed amended complaint, and the court agrees that these changes made it considerably clearer that plaintiff was seeking in excess of $75,000 in this case. For example, paragraph 40 of the proposed amended complaint provided that:

2

> Alternatively, in the event that the court concludes the remedy due is injunctive in nature, Scanlan requests the entry of a judgment directing Radiance to reinstate Scanlan in his job position effective 24 October 2006 with no loss of wages, benefits, or seniority.

By contrast, paragraph 40 of the amended complaint reads as follows:

> Alternatively, Scanlan requests the entry of a judgment directing Radiance to reinstate Scanlan in his job position effective 24 October 2006 with no loss of wages, benefits, or seniority, plus pre-judgment and post judgment interest and all costs of this action.

The amended complaint thus deleted language which conditioned injunctive relief upon the circuit court's concluding that "the remedy due is injunctive in nature."

Plaintiff suggests that this modification was of little significance, but this suggestion is belied by his motion to amend, in which he represented to the circuit court that:

> The amended complaint adds an alternative request for injunctive relief in the event that the court finds, as a matter of law, that the remedy due for a violation of a right guaranteed by the state bill of rights is injunctive *rather than a money judgment*. (emphasis added).

It is thus apparent that both the motion to amend and the proposed amended complaint took pains to emphasize that such relief would be available only if the trial court concluded that monetary damages were not appropriate. In the court's view, the sudden disappearance of this qualifying language in the actual amended complaint can not be regarded as insignificant.

The presence of this qualifying language becomes particularly significant in light of Fifth Circuit authority which makes it clear that the thirty-day removal period under the second paragraph of 28 U.S.C. § 1446(b) only begins to run from the date on which the defendant receives information supporting removal that is "unequivocally clear and certain." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211-12 (5th Cir. 2002). Clearly, the *Bosky* standard is a stringent one, and the court cannot conclude that it was "unequivocally clear and certain" that the proposed amended complaint

implicated the $75,000 jurisdictional amount when plaintiff took such pains to qualify his request for injunctive relief. This is particularly true in light of the fact that, as discussed below, plaintiff reserved the right to modify the complaint after the approval of the motion to amend by the trial court.

Plaintiff modified another paragraph of the *ad damnum* clause in a subtle yet significant way. That is, paragraph 39 of the proposed amended complaint provided that:

> 39. Scanlan demands the entry of a judgment against Radiance and the Doe defendants for actual damages, compensatory damages, and punitive damages in an aggregate amount not exceeding $75,000.00, plus pre-judgment and post judgment interest and all costs of this action.

By contrast, paragraph 40 of the amended complaint reads as follows:

> 39. Scanlan demands the entry of a judgment against Radiance and the Doe defendants for actual damages, compensatory damages, and punitive damages in the amount of $75,000.00, plus pre-judgment and post judgment interest and all costs of this action.

Plaintiff thus modified the proposed amended complaint to seek the specific amount of $75,000, rather than damages " in an aggregate amount not exceeding $75,000.00." The court views this alteration as being significant in light of *Bosky*, given that it makes it more "unequivocally clear and certain" that the combined amount of damages and injunctive relief exceeds the jurisdictional amount.

If defendant had removed this case after receipt of the proposed amended complaint in August 2007, it seems very likely that, in seeking remand, plaintiff would have emphasized 1) that his proposed amended complaint sought damages "in an aggregate amount not exceeding $75,000.00" and 2) that his pleadings only sought injunctive relief "in the event that the court conclude[d] that the remedy due is injunctive in nature" and that "a money judgment" was

4

inappropriate. In light of the stringent nature of the *Bosky* standard, this court might well have found these arguments to be persuasive. As things stand now, however, plaintiff does not deny that his actual complaint seeks total damages in excess of $75,000.00, and the modifications which he made clearly make it more likely that he will recover *both* monetary and injunctive relief in this case. Indeed, it seems likely that such was plaintiff's intent in making the modifications. The Fifth Circuit in *Bosky* emphasized that it was establishing a "clearer threshold" for removability in order to "reduce 'protective' removals by defendants faced with an equivocal record." *Id.* at 211. *Bosky* thus supports a conclusion that defendant acted properly in awaiting "clear and certain" evidence that plaintiff was seeking in excess of the jurisdictional amount before removing this case.

It should be noted that plaintiff made it clear in his motion to amend that the proposed amended complaint was not necessarily the version he would file if the motion were granted. That is, he requested permission to file an amended complaint "in substantially the same form" as the one attached to his motion. Plaintiff maintains that he did not intentionally perform a "bait and switch" by changing the language of the proposed amended complaint, as alleged by defendant. While the record is not clear regarding plaintiff's subjective motivations in this regard, it does at least raise concerns as to whether he was engaged in tactical maneuvers *vis a vis* the thirty-day removal period in this case. The modifications noted above do not appear to have been made in response to any ongoing discovery or new facts, and it is unclear why plaintiff was unable to "get it right the first time."

Plaintiff argues that his modifications to the amended complaint were non-material and insignificant, but he himself obviously deemed them of some significance to the lawsuit, or else he would not have made them. In the court's view, it largely defeats the purpose of submitting a

5

proposed amended complaint if the plaintiff intends to modify it after obtaining permission to do so. Furthermore, it places defense counsel in the difficult position of having to scrutinize and compare two documents to ascertain what changes were made. When one considers the facts that 1) modifications were made to the crucial (for removal purposes) *ad damnum* clause; 2) these modifications made it considerably more certain that plaintiff sought in excess of the jurisdictional amount and 3) these modifications were made more than thirty days after the submission of the proposed amended complaint, then suspicions do arise in the court's mind that plaintiff may have been engaged in tactical maneuvers to prevent the removal of this case.

It is clear that diversity of citizenship exists between the parties, and plaintiff does not dispute that he seeks in excess of the jurisdictional amount in his amended complaint. Under these circumstances, this court would be hesitant to strictly apply a procedural bar in any case where the facts suggested that a plaintiff's tactical maneuvering might have contributed to that procedural bar arguably being present. While it may be tactically advantageous for a plaintiff to reserve the right to alter a proposed amended complaint, doing so creates significant obstacles to defense counsel who are attempting to make a good faith determination as to whether a case is removable. This court accordingly concludes that the rather vague language of the proposed amended complaint, combined with the fact that plaintiff reserved the right to alter it, supports a conclusion that it was not "unequivocally clear and certain" that this case was removable until the actual amended complaint was submitted to defendant on November 9, 2007.

Plaintiff next argues that defendant waived the right to remove this case by taking various actions litigating this case in state court, but most of these actions were taken prior to November 9, 2007 when the case first became removable. Defendant did take certain other steps shortly after that

6

date, most notably the filing of an answer to the amended complaint, but this answer contained no counter-complaint or any acts which might constitute waiver. Defendant did seek attorney's fees in its answer, but a Texas district court found, under similar facts, that the filing of an answer seeking such relief did not constitute a waiver of the right to remove. *See John H. Carney & Associates v. State Farm Lloyds*, 376 F.Supp.2d 697 (N.D. Tex. 2005).

In addition, to the extent that the issue of waiver may be informed by equitable considerations, the court's previously stated conclusion that plaintiff may have been engaged in tactical maneuvering to prevent removal of this case strengthens its conclusion that no waiver of the right to remove occurred. After reviewing the record, it is the court's view that much of the confusion regarding the removability of this case is attributable to the plaintiff's previously discussed actions. As such, it is understandable that defendant's litigation of this case in state court did not "stop on a dime" and immediately proceed to removal after receipt of an amended complaint which contained subtle yet significant modifications from the proposed amended complaint. The decision to remove a case typically requires defense counsel to perform research and obtain permission from the client, and a one-week period between the receipt of the modified complaint and the removal of this case does not strike this court as being excessive or tantamount to a waiver of the right to remove. The litigation of this case was well underway at the time that plaintiff elected to file a modified amended complaint, and the court does not view the continued litigation of the case for a short period of time after receipt of that complaint as constituting waiver. The court concludes that the November 16, 2007 removal of this case was timely, and the motion to remand is therefore due to be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The plaintiff's motion to remand [6] is **DENIED**; and

(2) The defendant's motion to strike [12] is **DENIED**.

**SO ORDERED** this the 11th day of September, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE